IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

SATISH DAT BEAST,                         )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )        Case No. CIV-26-1417-SLP
                                          )
CARPENTER, et al.,                        )
                                          )
        Defendants.                       )

# O R D E R

Before the Court is the Complaint [Doc. No. 1] filed by Plaintiff, Satish Dat Beast.

Plaintiff is proceeding pro se and has filed a Motion for Leave to Proceed *in forma pauperis*

[Doc. No. 2].  Because Plaintiff is acting pro se, the Court construes his filings liberally

but does not act as his advocate.  *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Upon review of the Complaint, the Court finds that venue is improper and that Plaintiff

fails to comply with the requirements of Rule 8.

## I.    Venue is Improper in this District.

The Court is "charged with the duty to examine issues involving jurisdiction and

venue."  *Hines v. Allbaugh*, No. CIV-19-439-R, 2019 WL 2998575 (W.D. Okla. June 18,

2019).  Courts may evaluate venue, "as part of the initial review process, sua sponte, or on

motion by the parties."  *Gonzalez v. FNU LNU*, No. CIV 23-0503 JB/KBM, 2023 WL

9023271, *1 (D.N.M. Dec. 29, 2023) (citations omitted).  Venue is proper "in the judicial

district where defendants reside or where the claim arose."  *Presidential Candidate No.*

*P60005535 v. United States Pat. & Trademark Off.*, No. 2:25-CV-00723, 2025 WL 3093869, *1 (D. Utah Sept. 22, 2025).

Plaintiff states in his Petition, "the U.S. District Court for the District of New Jersey . . . has jurisdiction over this matter" and further claims that "the District of Connecticut also has subject matter jurisdiction over the present case." At no time does Plaintiff identify where the Defendants reside or where his claims arose. In fact, Plaintiff states that he has residence in Florida, Maryland, and Nevada, and mentions several other U.S. cities and states, but does not mention the state of Oklahoma a single time in his Complaint. Even applying a liberal construction to the Complaint's factual allegations, the Court discerns that the Western District of Oklahoma is not a proper venue for this action.

## II. Plaintiff fails to meet the requirements of Rule 8.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Rule 8 "does not require detailed factual allegations, . . . [but] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Moreover, where, as here, a plaintiff sues multiple defendants, the complaint should "explain what each defendant did to the plaintiff; when the defendant did it; how the defendant's actions harmed him or her; and, what specific right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just.*

*Ctr*., 492 F.3d 1158, 1163 (10th Cir. 2007).  Such allegations provide each defendant "sufficient notice to begin preparing its defense" and the court "sufficient clarity to adjudicate the merits." *Id*.  "If a complaint fails to meet these basic pleading requirements, a district court may dismiss the action sua sponte for failure to comply with Rule 8." *Rodriguez v. Nationwide Homes, Inc*., 756 F. App'x 782, 785 (10th Cir. 2018) (citing *Nasious*, 492 F.3d at 1161, n. 2).

Pro se litigants are not excused from meeting these minimal pleading requirements. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff's Complaint fails to comply with the requirements of Rule 8.  Plaintiff fails to identify with any clarity the factual or legal bases for his claim(s).  Moreover, Plaintiff fails to separately identify his claims as to each defendant.  In fact, several of the named defendants are not mentioned in Plaintiff's Complaint at all, aside from being listed as defendants.  And Plaintiff attempts to bring several claims against individuals who have not been named in this action.  Under these circumstances, dismissal of the Complaint is proper.  *See, e.g*., *McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014) ("It is not the role of either the court or the defendant to sort through a lengthy, poorly drafted complaint and voluminous exhibits in order to construct plaintiff's causes of action.").  The Court further finds that leave to amend is not warranted on futility grounds.

3

### III.    Plaintiff Cannot Bring Claims on behalf of Others

Finally, because Plaintiff appears pro se, he can only bring claims on behalf of himself. *See, e.g., Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring [his] own claims to federal court without counsel, but not the claims of others."). Thus, to the extent Plaintiff purports to bring claims on behalf of any other person or entity, dismissal of those claims is proper.

### IV.    Conclusion

For the reasons set forth, dismissal of the Complaint is proper on grounds that the Western District of Oklahoma is not the proper venue for this action. Additionally, dismissal is proper pursuant to Rule 8(a) of the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED that Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. A separate judgment of dismissal shall be entered contemporaneously with this Order.

IT IS SO ORDERED this 17th day of June, 2026.

_____

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**